**SIERRA CLUB, Petitioner**

v.

**UNITED STATES DEPARTMENT OF ENERGY, Respondent**

American Petroleum Institute and Dominion Cove Point LNG, LP, Intervenors

Sierra Club, Petitioner

v.

United States Department of Energy, Respondent

American Petroleum Institute and Sabine Pass Liquefaction, LLC, Intervenors

Sierra Club, Petitioner

v.

United States Department of Energy, Respondent

American Petroleum Institute, et al., Intervenors

No. 16-1186, No. 16-1252, No. 16-1253
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed on: November 1, 2017

Nathan Matthews, Sierra Club, Oakland, CA, Sanjay Narayan, Sierra Club, San Francisco, CA, for Petitioner

Emily Anne Polachek, Attorney, John Charles Cruden, Assistant Attorney General, John David Gunter, II, Trial Attorney, David C. Shilton, John L. Smeltzer, U.S. Department of Justice, (DOJ) Environment and Natural Resources Division, Washington, DC, for Respondent

Stacy Renee Linden, Benjamin Norris, IV, American Petroleum Institute, Washington, DC, John Longstreth, David Leonard Wochner, K&LGates LLP, Washington, DC, for Intervenor for Respondent American Petroleum Institute

Catherine Emily Stetson, Esquire, Sean Marotta, Hogan Lovells US LLP, Washington, DC, Joel Patrick Nevins, Attorney, Latham & Watkins LLP, Washington, DC, for Intervenor for Respondent Dominion Cove Point LNG, LP

Deborah Goldberg, Moneen Susan Nasmith, Attorney, Earthjustice, New York, NY, for Amici Curiae for Petitioners Chesapeake Climate Action Network, EarthReports, Inc., Potomac Riverkeeper, Inc., Stewards of the Lower Susquehanna, Inc.

BEFORE: Tatel, Circuit Judge, and Edwards and Sentelle, Senior Circuit Judges.

## JUDGMENT

These petitions for review were considered on the records from the Department of Energy and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the petitions for review be denied.

These three cases challenge, under the Natural Environmental Policy Act (NEPA) and the Natural Gas Act, the Department of Energy's authorization of liquefied natural gas (LNG) exports from three facilities. In a very recent case, *Sierra Club v. U.S. Department of Energy (Freeport)*, 867 F.3d 189 (D.C. Cir. 2017), this court denied a petition by Sierra Club challenging, under the same two statutes, the Department's approval of an LNG export application from a fourth facility. The court's decision in *Freeport* largely governs the resolution of the instant cases. By Sierra Club's own admission in letters filed with the court on August 31, 2017, after our decision in *Freeport*, only three narrow issues remain in the instant cases.

The first issue, remaining in Case Number 16-1186 and Case Number 16-1252, is a challenge to the Department's reliance on an Environmental Assessment (rather than an Environmental Impact Statement) and finding of no significant impact, which Sierra Club argues is contradicted by record evidence. But "[o]ur role in reviewing an agency's decision not to prepare an [Environmental Impact Statement] is a limited one, designed primarily to ensure that no arguably significant consequences have been ignored." *American Wild Horse Preservation Campaign v. Perdue*, 873 F.3d 914, 930-31 (D.C. Cir. 2017) (internal quotation marks omitted). "This court will overturn an agency's decision to issue a [Finding of No Significant Impact]—and therefore not to prepare an [Environmental Impact Statement]—only if the decision was arbitrary, capricious, or an abuse of discretion." *TOMAC, Taxpayers of Michigan Against Casinos v. Norton*, 433 F.3d 852, 861 (D.C. Cir. 2006) (internal quotation marks omitted). The Department's finding of no significant impact and conclusion that an Environmental Impact Statement was not needed for the two projects at issue here was neither arbitrary nor capricious. Sierra Club's arguments to the contrary largely reduce to issues already resolved by *Freeport*.

The second issue, remaining in only Case Number 16-1186, challenges the Department's conclusion that there was not sufficiently specific information to identify where incremental production would occur at the local level. Sierra Club argues that additional facts in the record here demonstrate that the Department should have provided more localized analysis. In *Freeport*, the court rejected a similar argument. *Freeport*, 867 F.3d at 199-200. The court there explained that the Department's decision not to engage in more localized analysis was "consistent with the 'rule of reason'" because it would not "facilitate meaningful analysis" given the difficulty of determining where incremental production would arise and how it would affect particular environmental resources. *Id.* at 200. "At a certain point, the Department's obligation to drill down into increasingly speculative projections about regional environmental impacts is also limited by the fact that it lacks any authority to control the locale or amount of export-induced gas production, much less any of its harmful effects." *Id.* A closer look at the "additional information" Sierra Club identifies in the record here does not sufficiently pinpoint the location of additional production as to facilitate meaningful analysis, especially given the fungibility of natural gas and the existence of a national pipeline network. At best, this additional information gestures towards identifying the location of only some of the new production at a regional level, and, as the *Freeport* court made clear, the Department had no obligation to engage in a regional impact analysis. *Id.* Given the speculative and nonspecific nature of the additional information about the location of incremental gas production, it was neither

arbitrary nor capricious for the Department not to engage in a more localized analysis. *Id.* at 196 ("Our job [under NEPA] is simply 'to ensure that the agency has adequately considered and disclosed the environmental impact of its actions and that its decision is not arbitrary or capricious.'" (quoting *Delaware Riverkeeper Network v. FERC*, 753 F.3d 1304, 1312-13 (D.C. Cir. 2014))).

The third issue, remaining in all three cases, is Sierra Club's argument that the Department erred by failing to consider distributional impacts when evaluating "public interest" under the Natural Gas Act. *Freeport*, 867 F.3d at 203 ("The Natural Gas Act provides that the Department shall authorize exports ... unless ... it finds that the proposed exportation ... will not be consistent with the public interest." (internal quotation marks omitted)). But the Department did consider distributional consequences. As Sierra Club itself explains, quoting from Department orders: the Department "agrees that 'the distributional consequences of an authorizing decision' may be so negative as to demonstrate inconsistency with the public interest despite 'net positive benefits to the U.S. economy as a whole.' However, the Department concluded that it did 'not see sufficiently compelling evidence' that this was the case here." Case No. 16-1186 Pet'r's Br. at 76; Case No. 16-1252 Pet'r's Br. at 76; Case No. 16-1253 Pet'r's Br. at 74. In particular, the Department cited job creation and energy security as factors counteracting the potential negative distributional impacts that Sierra Club identified. And in its authorization orders for each of the facilities, the Department specifically noted that "exports would be accompanied by a shifting of income sources" and "that some segments of the economy are likely not to participate in the benefits of LNG exports but are likely to face increased energy costs." Case No. 16-1186

J.A. at 616-17; Case No. 16-1252 J.A. at 1003; Case No. 16-1253 J.A. at 1101-03. But the Department concluded that, given that "exports will benefit the economy as a whole" and "absent stronger record evidence on the distributional consequences," it could not "say that ... exports were inconsistent with the public interest on these grounds." *Id.* The Department thus adequately addressed Sierra Club's concern.

Accordingly, the petitions for review are denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.